ON REHEARING
We granted a rehearing to the Department of Social Services and the District Attorney, Parish of Orleans, amicus curiae. After consideration of their arguments, we affirm our original opinion.
The Department of Social Services contends (1) that we failed to consider the broad dispositional powers of the Juvenile Court in “child in need of care” proceedings and (2) that we created a distinction among parties who can be held in contempt in Juvenile Court.
As to the first, the Department claims that, with LSA R.S. 13:1590, which predates the Code of Juvenile Procedure, and LSA R.S. 46:2419 and 46:2427, the legislature granted comprehensive contempt power to juvenile courts. We reject this contention because the C.J.P. arts. 114-120 was intended to provide procedural due process guarantees, when the State elects *197 to impose additional rehabilitative conditions upon parents pursuant to C.J.P. art. 120, after the parent is adjudicated “in need of supervision”. Furthermore, LSA R.S. 46:2419 and 46:2427 outline the Department’s progress reports and disposi-tional review hearings. These statutes do not enlarge or change the general contempt powers of juvenile courts.
Secondly, we intended to distinguish the procedure for holding a custodial or noncustodial parent in contempt of court for failing to comply with court orders for rehabilitation, treatment or therapy orders. We adhere to our original interpretation.
The District Attorney postulates that our holding will prevent juvenile courts from issuing orders which are in the best interest of the child and that a separate proceeding must be held to adjudicate a parent “in need of supervision”.
C.J.P. art. 119 permits consolidation of the proceedings against both parent and child. Our holding provides the procedure which the State must comply with to satisfy minimum due process guarantees before a parent can be found “in need of supervision”, ordered to submit to rehabilitation programs and be held in contempt of court. Compliance with the requirements of the Code of Juvenile Procedure, in a consolidated case against both parent and child, is cost beneficial and efficient.
This court’s analysis is in agreement with the recent case, State in the Interest of L.J., 545 So.2d 684 (La.App. 5th Cir. 1989). The Fifth Circuit provided interpretation of the juvenile laws on the question of children in need of care. The court found that the law provides that a petition be filed and a formal adjudication be made before a dispositional order can be issued. Unless this procedure is adhered to, the court held that juvenile courts lacked jurisdiction to decide custody.
We find this reasoning in support of our interpretation of the juvenile statutes at issue. We reaffirm our original decision.